IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CIVIL ACTION NO. |
| COLONIAL BANCGROUP, INC. | ) | 2:10mc3502-MHT |
| | ) | (Bankr. Court No. |
| Debtor. | ) | 09-32303) |
| | ) | (WO) |
| | | |
| IN RE: | ) | |
| | ) | |
| COLONIAL BANCGROUP, INC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| COLONIAL BANCGROUP, INC. | ) | CIVIL ACTION NO. |
| | ) | 2:10mc3503-MHT |
| Plaintiff, | ) | (Bankr. Adv. Proc. |
| | ) | No. 09-03087) |
| v. | ) | |
| | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

```
IN RE:                        )
                              )
COLONIAL BANCGROUP, INC.      )
                              )
     Debtor.                  )
                              )
COLONIAL BANCGROUP, INC.      )        CIVIL ACTION NO.
                              )        2:10mc3504-MHT
     Plaintiff,               )        (Bankr. Adv. Proc.
                              )          No. 10-03018)
     v.                       )
                              )
FEDERAL DEPOSIT INSURANCE     )
CORPORATION                   )
                              )
     Defendant.               )


IN RE:                        )
                              )
COLONIAL BANCGROUP, INC.      )
                              )
     Debtor.                  )
                              )
COLONIAL BANCGROUP, INC.      )        CIVIL ACTION NO.
                              )        2:10mc3505-MHT
     Plaintiff,               )        (Bankr. Adv. Proc.
                              )          No. 10-03019)
     v.                       )
                              )
FEDERAL DEPOSIT INSURANCE     )
CORPORATION                   )
                              )
     Defendant.               )
```

OPINION AND ORDER

These matters are before the court on the motions of the Federal Deposit Insurance Corporation (FDIC), as receiver for Colonial Bank, to withdraw the references of several pending matters to consolidate proceedings before the district court, which were filed by the FDIC on March 31, 2010, in the United States Bankruptcy Court for the Middle District of Alabama, in connection with the Chapter 11 bankruptcy case of Colonial BancGroup, Inc. The proceedings were transferred to this court by the clerk of the bankruptcy court on April 1, 2010.

Pursuant to the withdrawal motions, the FDIC sought to remove from the bankruptcy court the following matters:

(a) miscellaneous action no. 2:10mc3502-MHT: Colonial BancGroup's objection to the FDIC's proof of claim in Colonial BancGroup's Chapter 11 case (claim objection);

3

(b) miscellaneous action no. 2:10mc3503-MHT: an adversary proceeding, styled <u>The Colonial BancGroup, Inc. v. F.D.I.C.</u>, Adv. Proc. No. 09-03087 (DHW), in which Colonial BancGroup asserts that if, as alleged by the FDIC, Colonial BancGroup made any "commitment to maintain the capital" of Colonial Bank within the meaning of § 365(o) of the Bankruptcy Code, any such commitment should be avoided as a fraudulent obligation (fraudulent obligation action);

(c) miscellaneous action no. 2:10mc3504-MHT: a second adversary proceeding, styled <u>The Colonial BancGroup, Inc. v. F.D.I.C.</u>, Adv. Proc. No. 10-03018 (DHW), which seeks a declaratory judgment from the bankruptcy court that Colonial BancGroup is the owner of certain tax refund claims, insurance refund claims, and other personal property (personal property action); and

(d) miscellaneous action no. 2:10mc3505-MHT: a third adversary proceeding, styled <u>The Colonial BancGroup, Inc. v. F.D.I.C.</u>, Adv. Proc. No. 10-03019 (DHW), which seeks

4

a declaratory judgment concerning certain real property located in Orlando, Florida, referred to as the Garland Road Property (Garland property action).

As a result of discussions between the FDIC and Colonial BancGroup subsequent to the filing of the withdrawal motions, Colonial BancGroup filed a response on April 23, 2010, in which it consented to this court's withdrawal of the references with respect to the claim objection, the fraudulent obligation action, and the personal property action.  The parties have agreed that the Garland property action shall not be withdrawn and should remain pending before the bankruptcy court.

***

With the consent of the Federal Deposit Insurance Corporation and Colonial BancGroup, Inc., it is ORDERED that the withdrawal motions are granted as to miscellaneous action nos. 2:10mc3502-MHT, 2:10mc3503-MHT,

and 2:10mc3504-MHT and are denied as to miscellaneous action no. 2:10mc3505-MHT, as follows:

(1)  Pursuant to 28 U.S.C. § 157(d), the references to the bankruptcy court with respect to the claim objection (miscellaneous action no. 2:10mc3502-MHT), the fraudulent obligation action (miscellaneous action no. 2:10mc3503-MHT), and the personal property action (miscellaneous action no. 2:10mc3504-MHT) are withdrawn to this court for all purposes;

(2)  In accordance with the agreement between the Federal Deposit Insurance Corporation and Colonial BancGroup, the Garland property action (miscellaneous action no. 2:10mc3505-MHT)shall remain pending before the bankruptcy court and, to the extent any issues relating to the Garland property action are currently raised in either the claim objection pleading or in the civil action pending in this Court, styled The Colonial BancGroup, Inc. v. Federal Deposit Insurance Corporation, as Receiver for Colonial Bank, Case 2:10-cv-0198, such

6

issues shall be decided by the bankruptcy court, as part of the Garland property action; and

(3) Briefing with respect to the remaining submissions in the Federal Deposit Insurance Corporation's pending motion to dismiss the complaint in the fraudulent obligation action (miscellaneous action no. 2:10mc3503-MHT) shall be as follows: (a) Colonial BancGroup, Inc. shall file any response to the motion to dismiss on or before June 11, 2010; and (b) the Federal Deposit Insurance Corporation shall file any reply in further support of the motion to dismiss on or before June 25, 2010.

The clerks of the bankruptcy court and this court are DIRECTED to take all steps necessary to transfer to the United States District Court for the Middle District of Alabama the bankruptcy proceedings at issue in miscellaneous action nos. 2:10mc3502-MHT, 2:10mc3503-MHT, and 2:10mc3504-MHT.  The clerk of this court shall set up

7

the transferred cases as separate civil cases, with separate and new civil action numbers.

DONE, this the 10th day of May, 2010.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE